**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

VACOLD LLC and IMMUNOTHERAPY, INC.,     :

                                                :

                              Plaintiffs,     :        00 Civ. 4024 (RMB)

                                                  :

             - against -            :

                                                :         **<u>ORDER</u>**

ANTHONY CERAMI, CARLA CERAMI, VLN     :
LLC, and CERAMI CONSULTING     :
CORPORATION,     :

                                                :

                         Defendants.     :

----------------------------------------------------------------------x

CERAMI CONSULTING CORPORATION and     :
APPLIED VACCINE TECHNOLOGIES, INC.,     :

                                                :

                         Counterclaim Plaintiffs,     :

                                                  :

             - against -            :

                                                :

VACOLD LLC, IMMUNOTHERAPY, INC.,     :
C. LEONARD GORDON, JOHN D. VIENER,     :
DAVID DOVE and COHAVA GELBER,     :

                                                :

                       Counterclaim Defendants. :

----------------------------------------------------------------------x

By Order, dated March 29, 2005 (the "Order"), the Court granted in part and denied in

part Defendants' motion for summary judgment, denied Plaintiffs' motion for summary

judgment, granted Counterclaim Defendants' motion for summary judgment, and denied

Defendants' motion <u>in limine</u>. On April 15, 2004, Plaintiffs moved pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure and Local Civil Rule 6.3 for reconsideration of the Order "to

the extent it dismisses plaintiffs' Second and Fourth Causes of Action on the basis of the prior

decisions issued by Judge Allen G. Schwartz in this matter." (Plaintiffs' Notice of Motion, dated

April 14, 2004.) On May 9, 2005, Defendants filed a brief opposing Plaintiffs' motion for

reconsideration.  (See Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for

Partial Reconsideration and for Certification of an Interlocutory Appeal, dated May 6, 2005.)  On

May 20, 2005, Plaintiffs' filed a reply.  (See Plaintiffs' Reply Memorandum of Law, dated May

20, 2005.)

**Analysis**

The Court perceives no basis for reconsideration.  See Shrader v. CSX Transp., Inc., 70

F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict,

and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court.").

Plaintiffs, in their memorandum of law, also seek certification of an interlocutory appeal

pursuant to 28 U.S.C. § 1292(b).  (See Plaintiffs' Memorandum of Law in Support of Motion for

Partial Reconsideration or, in the Alternative, for Interlocutory Appeal pursuant to 28 U.S.C. §

1292(b), dated April 14, 2005, at 9-10.)  As the Court has previously suggested, certification of

an interlocutory appeal is not warranted in this case.  See 28 U.S.C. § 1292(b); Nesbiet v. Gen.

Elec. Co., No. 04 Civ. 9321, 2005 WL 729670, at *3 (S.D.N.Y. Mar. 31, 2005) ("[I]nterlocutory

review would not materially advance the ultimate termination of this lawsuit . . . .").  (See Memo

Endorsed Order, dated April 6, 2005 (Plaintiffs are "free to pursue reconsideration; an

interlocutory appeal [and/or] submission of the issue resolved by [Judge] Schwartz respectfully

do not appear the ideal way(s) to proceed.").)

**Order**

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied.

The Court directs the parties to engage in good faith settlement negotiations prior to

the next conference with the Court on May 31, 2005.


Dated: New York, New York
      May 23, 2005

                                      **Richard M. Berman, U.S.D.J.**